UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRIAN ROBERT BLAZER<br>d/b/a CARPENTER BEE SOLUTIONS | )<br>)<br>) |
|     Plaintiff, | )<br>)<br>) Civil Action No.: 6:20-cv-00285-ADA |
| v. | )<br>) |
| THE HOME DEPOT U.S.A., INC., | )<br>) |
|     Defendant. | ) |

**JOINT MOTION TO STAY**

Defendant The Home Depot U.S.A., Inc. ("Home Depot") and Intervenor Defendant

Davis Product Creation and Consulting, LLC d/b/a BeesNThings ("DPCC") jointly move the

Court to stay the above captioned case.

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff Brian Robert Blazer d/b/a Carpenter Bee Solutions ("Blazer") brought this suit

in April of 2020 accusing Home Depot of infringing U.S. Reissue Patent No. 46,421 (the "'421

Patent") relating to carpenter bee traps. (ECF No. 1). Blazer filed an amended complaint on

June 5, 2020 (ECF No. 8), but the salient allegations against DPCC remained unchanged. Two

(2) of bee traps sold by Home Depot that give rise to Blazer's claims are designed,

manufactured, marketed, distributed and sold by DPCC, namely various models of DPCC's

"Bees N Things Hanging Carpenter Bee Trap". (*Id.* at pp. 5; 15–16; 20–22). DPCC and Blazer

are currently involved in litigation in the U.S. District Court for the Northern District of

Alabama, which encompasses, among other claims, alleged infringement and validity of the '421 Patent (the "Alabama Case").[1]  (*Id.* at 10.)  That action has been pending since June 3, 2019.

On August 11, 2020, the Court granted DPCC's motion to intervene in this case.  (ECF Text Order).  In this motion, Home Depot and DPCC jointly ask the Court to stay this case pending the resolution of the Alabama Case.  Such a stay is appropriate for the reasons explained below.

## II.      ARGUMENT

### A.  The First to File Rule Compels a Stay

The Alabama Case has been pending for more than a year. Accordingly, under the "first to file" rule, this action should be stayed pending the outcome of the Alabama Case. The law on this point is clear.

In maintaining the conservation of judicial resources, both the Federal Circuit and the Fifth Circuit have utilized the "first-to-file rule" which "stands for the common sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases" and where "the overlap is complete or nearly complete, the usual rule is for the court of first jurisdiction to resolve the issues."  *In re Telebrands Corporation*, 824 F.3d 982, 984 (Fed. Cir. 2016); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985) ("The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.").  Therefore, as a doctrine intended to avoid conflicting decisions and promote judicial efficiency, the first-to-file rule "generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions."

---

[1] The style and civil action number for the Alabama Case are *Davis Product Creation and Consulting, LLC v. Blazer*, No. 1:19-cv-00848-CLM.

*Merial Ltd. v. Cipla Ltd*., 681 F.3d 1283, 1299 (Fed. Cir. 2012).  "Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Merial Ltd. v. Cipla Ltd*., 681 F.3d 1283, 1299 (Fed. Cir. 2012); *Futurewei Technologies, Inc. v. Acacia Research C*orp., 737 F.3d 704, 708 (Fed. Cir. 2013) ("Application of the first-to-file rule is 'generally a matter for a district court's discretion, exercised within governing legal constraints.'").  Accordingly, as summarized by the District Court in the Easter District of Texas, in determining whether to apply the first-to-file rule, a court must resolve two questions: (1) are the actions so duplicative or involve substantially the similar issues that one court should decide the subject matter of both actions and (2) which of the two courts should take the case.  *Texas Instruments, Inc. v. Micron Semiconductor, Inc*., 815 F. Supp. 994, 997 (E.D. Texas 1993).  As set forth below, it is clear that the Alabama Case should proceed while the instant case is stayed.

This case requires nothing more than a straightforward application of the first-to-file rule. The Alabama Case has been pending for more than a year, and preceded the filing of this case by more than ten (10) months.  The claim construction process and discovery are both at an advanced stage in the Alabama Case. In fact, all claim construction briefing is complete. Furthermore, the Alabama Case and this case share a near identity of issues, including without limitation the validity of the '421 Patent and DPCC's alleged infringement thereof. (Alabama Case ECF No. 37 at 6–7). A stay of this case would promote all of the goals underpinning the first-to-file rule.  Accordingly, the Court should stay this case.

B.  DPCC Is A "True Defendant" Under Federal Circuit Precedent Supporting A Stay

Alternatively, the Court should stay this case based upon the Federal Circuit's recent decisions in *In re Nintendo of American, Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) and *In re Google, Inc.*, 588 Fed. App'x 988 (Fed. Cir. 2014).  As these cases illustrate, courts should not allow a patentee to litigate against a manufacturer's customers (i.e., Home Depot) when the manufacturer (i.e., DPCC) is presently in litigation against the patentee (i.e., Blazer). This is precisely the scenario confronting this Court.

In *In re Nintendo*, Secure Axcess brought a patent infringement suit against Nintendo and eleven retailers that sold Nintendo's accused gaming system.  *In re Nintendo*, 756 F.3d at 1365. The district court denied the defendants' motion to (i) sever and stay the claims against the retailers, and (ii) transfer the separated action against Nintendo to the Western District of Washington. *Id.* The district court denied the motion because it believed that Secure Axcess "should be allowed to pursue Nintendo and the retailer defendants simultaneously for an award of damages, even though it may only collect once." *Id.* at 1365. Defendants petitioned for a writ of mandamus, which the Federal Circuit granted. *Id.* at 1367.  According to the Federal Circuit, "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence." *Id.* at 1365. "This 'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Id.* Noting that "Nintendo is the true defendant" in the case, the Federal Circuit credited defendants' argument that "granting [their] motion would resolve these claims more efficiently and conveniently." *Id.* at 1366. As the district court had recognized, "the issues of infringement

and validity are common to Nintendo and the retailer defendants" and, "if Secure Axcess were to collect royalties from Nintendo, this would preclude suit against the Retailers." *Id.*

Similarly, in *In re Google*, Rockstar filed five complaints against Google's customers in Texas. *In re Google*, 588 Fed. App'x at 989. Google supplied each of the customer defendants with the Android operating system software used in the accused devices, and Rockstar premised its infringement contentions on the Android operating system. *Id.* Google then sued Rockstar in California seeking a declaration that its Android platform did not infringe Rockstar's patents. *Id.* at 989. Rockstar counterclaimed for infringement, and Google answered by alleging that the patents were invalid and unenforceable. *Id.* Rockstar then amended its Texas complaint to add Google as a defendant. *Id.* Rockstar filed a motion to transfer or dismiss the California case, which the California court denied. *Id.*

Next, the customer defendants asked the Texas court to stay their proceedings or transfer them to California, asserting that going forward with Rockstar's infringement actions "would result in wasteful and duplicative litigation." *Id.* at 989–90. The Texas court denied the motions. *Id.* at 990. The customer defendants sought mandamus relief from the Federal Circuit. *Id.* The Federal Circuit granted the writ, finding a stay appropriate pending the outcome of Google's California declaratory-judgment action. *Id.* at 992.

The Federal Circuit noted that "[t]he Supreme Court has repeatedly observed that under the doctrine of comity, when cases involving substantially overlapping issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation." *Id.* at 990. The Federal Circuit held:

> Given these facts, it is clear that there was no need to proceed with the five Texas actions because the one California action may suffice. Such circumstances present a classic case for a stay: The only potential results of adjudicating these cases in parallel fashion would be the Texas and California courts agree on the major

issues of the litigation, thus producing wasteful and unnecessary litigation, or the courts disagree, thus producing conflicting decisions.

In addition, the Federal Circuit observed that a stay of customer proceedings was necessary to avoid wasted resources "if the other suit is so closely related that substantial saving of litigation resources can be expected." *Id.* at 991. Because it was "clear that staying proceedings in Texas will likely further these objectives by mooting or at least advancing the 'major premises' being litigated in the Texas actions," a stay was required as to the customer defendants. *Id.*

This case is identical in all material respects to *In re Nintendo of America* and *In re Google*. Indeed, DPCC is unquestionably the "true Defendant" in this case. Further, if Blazer were to collect past damages from DPCC, it would preclude any double recovery from Home Depot. Also, if the Alabama Case is resolved, then Home Depot would be free to sell/offer for sale the bee traps at issue as DPCC without any royalties due Blazer. Finally, Defendant Home Depot joins in this motion.

Accordingly, based on these authorities, the Court should stay this case.

## IV.     CERTIFICATE OF CONFERENCE

Counsel for DPCC, Home Depot and Blazer have communicated via electronic mail and Blazer does not oppose this motion.

## V.     CONCLUSION

For the foregoing reasons, the Court should stay this case pending resolution of the Alabama Case.

Date: August 11, 2020

Respectfully submitted,

/s/ Nick Guinn

Nick Guinn
Texas Bar No. 24087642
GUNN, LEE & CAVE, P.C.
Callaghan Tower
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
Telephone: (210) 886-9500
Facsimile: (210) 886-9883
nick@gunn-lee.com


C. Gregory Burgess (*pro hac vice pending*)
cgb@lanierford.com
Jeremy A. Smith (*pro hac vice pending*)
jas@lanierford.com
LANIER FORD SHAVER & PAYNE P.C.
Post Office Box 2087 (35804)
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322

**ATTORNEYS FOR INTERVENOR
DEFENDANT DAVIS PRODUCT
CREATION AND CONSULTING, LLC
D/B/A BEESNTHINGS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2020, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

RENÉ A. VAZQUEZ
**GARTEISER HONEA, PLLC**
119 W Ferguson
Tyler, Texas 75702
Telephone: (888) 908-4400 x105
Facsimile: (888) 908-4400
Email: rvazquez@ghiplaw.com

THOMAS G. FASONE III
**GARTEISER HONEA, PLLC**
119 W Ferguson
Tyler, Texas 75702
Telephone: (888) 908-4400 x104
Facsimile: (888) 908-4400
Email: tfasone@ghiplaw.com

*/s/ Nick Guinn*
**Nick Guinn**

8